## CASHMAN LOOMIS v. MILDRED FRANCES LOOMIS

20 So. (2nd) 125        June Term, 1944
December 19, 1944        Division A
Rehearing denied January 8, 1945

*Benjamin E. Carey,* for appellant.

*Riley & Dressler,* for appellee.

TERRELL, J.:

This appeal is from a final decree granting a divorce for extreme cruelty and awarding the custody of a minor child to the companant mother. The record shows that both the parties had previously indulged in a romance that led to Hymen's altar but the yoke was so cumbersome that a prayer for divorce was answered in the affirmative. As a prelude to the present venture they first met at a Miami Beer tavern, went on a journey to the beach, experienced an abbreviated courtship, and got married as soon as the wedding paraphernalia could be resurrected and dusted.

Soon after the honeymoon slipped into the bread and butter phase, he discovered that she was possessed of a bad temper, was a poor cook, a miserable housekeeper, and then charged her with being untrue to him. About the same time, she discovered that he was afflicted with a vile tongue, a nasty disposition, and worked overtime searching for excuses to abuse her. Both appear to have had frequent attacks of nostalgia for the beer tavern where the courtship germinated. On this appeal, he contends that equity should draw the sting out of his abuse and deny the divorce because she neglected to sew on his buttons, fed him with "cold cuts" out of tin cans and because all the trouble was caused by his mother-in-law camping on the side lines heaving brickbats into the matrimonial chassis.

These defenses add color to a family row but, as the chancellor found, when they are unsupported by evidence they add nothing to a plea to head off divorce. They are not only ineffective against divorce in this case, they reveal a household philosophy on the part of appellant that is as antiquated and full of "bugs" as a bag of last summer's cowpeas. It is admitted that he brought home the bacon but he overlooked the posies and the chocolate that add flavor to the bacon and remove many a squeak from the household rolling stock.

After being twice entrapped, neither party appears to have been able to cultivate the bon vivant habit; neither could they discern that bon mots strewn along the pathway are much better to dissolve marital stresses than salt and pepper. From the evidence adduced, it appears to have been a case of Tobacco Road colliding with Main Street, absent the Grace of God sufficient to fuse the two cultures. In fact, if either party had exercised as much discrimination at the beer tavern as a school boy would exercise in going to the butcher to get a bone for his poodle, they might have saved themselves a trip to the divorce court.

In Diem v. Diem, 141 Fla. 260, 193 So. 65, we defined a pattern by which trial courts could determine a charge of extreme cruelty and we find the pattern to have been faithfully observed in this case. Defendant insists that equity should cast the mantle of charity over his wrong and deny the divorce but the chancellor could not work it that way. He found that the covenant to love, adore, and smile on him when he crossed the threshold until death did them part was not strong enough to withstand the abuse with which he constantly replenished the love nest. We are constrained to agree with him.

Affirmed.

BUFORD, C. J., CHAPMAN and ADAMS, JJ., concur.